IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA L. BLACK., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 06-807 |
| ) | |
| NORTH HILLS SCHOOL DISTRICT, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

This is an employment discrimination action alleging violations of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, stemming from Plaintiff's employment as an art teacher and alleged constructive termination therefrom. For the following reasons, Defendant's Motion to Dismiss Pursuant to Rule 12(b) to be Treated as a Motion for Summary Judgment Pursuant to Rule 56 Based on Evidence Outside the Pleadings [DE 36] is granted in part and denied in part.

**STANDARD OF REVIEW**

As evident by the title of its motion and numerous exhibits attached thereto, Defendant requests that the Court convert its motion to dismiss to a motion for summary judgment pursuant to Rule 12(b). The Plaintiff responds arguing that Defendant's motion is "inherently a 12(b)(6) motion" in that the Plaintiff has not yet conducted discovery or developed the record. Thus, as a threshold issue, the Court must first

determine whether to treat Defendant's motion as a motion to dismiss or a motion for summary judgment.

The last sentence of Rule 12(b) provides that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). "Whether or not to treat the motion as a motion for summary judgment by considering the outside materials attached thereto is a matter of discretion for the court." *Brennan v. National Telephone Directory Corp.*, 850 F.Supp. 331, 335 (E.D. Pa. 1994) (citations omitted); *Pryor v. National Collegiate Athletic Ass'n.*, 288 F.3d 548, 559 (3d Cir. 2002) (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir.1992) ("Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss")). However, courts have held that exercise of the court's discretion is not warranted where there has been little or no discovery conducted by the parties. *Id.* (citing *Brug v. The Enstar Group, Inc.*, 755 F.Supp. 1247, 1251 (D. Del. 1991); *Ospina v. Dept. of Corrections*, 749 F.Supp. 572, 574 (D.Del. 1990); *Kelley ex rel. Michigan NRC v. Arco Indus.*, 721 F.Supp. 873, 877 (W.D. Mich. 1989)). "Considering the motion as a motion for summary judgment would be improper in those situations because the parties may not be able to present enough material to support or oppose a motion for summary judgment since no factual record has yet been developed." *Id.* (citing *Ospina*, 745

F.Supp. at 574 (citing *Melo v. Hafer*, 912 F.2d 628, 634 (3rd Cir. 1990), *aff'd*, 502 U.S. 21 (1991))).

While the Court notes the relative age of this case,[1] as provided in Plaintiff's response, it appears that the parties have not yet conducted discovery in any substantive manner at this stage of the litigation. Moreover, the Defendant did not reply to or dispute Plaintiff's representation as to the progress (or, more appropriate here, lack thereof) of discovery. As a result, the Plaintiff has "not be[en] able to present enough material to ... oppose a motion for summary judgment ... ." *Id.* For example, in support of its argument that the Plaintiff is not a "qualified individual" under the Rehabilitation Act, the Defendant relies on evidence in the form of medical records and notes from Plaintiff's treating physician; however, the Plaintiff's treating physician has not yet been deposed. Thus, the Plaintiff is not able to present evidence to oppose a motion for summary judgment because "no factual record has yet been developed." Furthermore, it is significant to note that only the Defendant has submitted and relied upon materials outside the pleadings. *See Ramirez v. U.S.*, 998 F.Supp. 425, 430-431 (D. N.J. 1998) (declining to convert a motion to dismiss to a motion for summary judgment "because plaintiff, consistent with his position that this should be treated as only a Rule 12(b)(6)

---

[1] Given the date of Plaintiff's filing her original Complaint, i.e., June 16, 2006, the Court fails to see why the parties have not progressed with discovery. On October 10, 2006, Judge Hardiman entered a Case Management Order, setting the deadline for discovery as March 9, 2007. On November 27, 2006, Judge Hardiman extended the deadline for discovery until June 7, 2007. Thereafter, the undersigned Judge was assigned to this case and the Plaintiff filed her Second Amended Complaint. While the Court recognizes that neither of the parties have formally requested a further extension of the discovery deadline (although the Plaintiff requests as much in her response to the pending motion), and the fact that this case proceeded through mediation which was not successful, to date, in deference to the Plaintiff and in the interests of developing the record and ruling on the merits, the Court will allow limited additional discovery, at the very least allowing the deposition of Plaintiff's treating physician to be taken.

motion, has not submitted any affidavits or declarations in opposition. The Court can only assume that plaintiff chose not to submit any supplemental materials because he was under the impression that this motion would be treated as a motion to dismiss"); *Nubenco Enterprises, Inc. v. Inversiones Barberena, S.A.*, 963 F.Supp. 353, 361 (D. N.J. 1997) (providing that "[b]ecause the Defendants and [Plaintiff] have filed submissions beyond the pleadings, and have themselves construed and treated this motion as a motion for summary judgment, no party will suffer from treatment of this motion as a motion for summary judgment") (footnote omitted)).  Accordingly, the Court declines to convert the motion to dismiss into a motion for summary judgment and it will not consider the additional materials submitted by the Defendant at this time.[2]

However, when considering a Rule 12(b)(6) motion, "a court may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Steinhardt Group, Inc. v. Citicorp.*, 126 F.3d 144, 145 (3d Cir.1997) (quoting *Pension Guar. Corp. v. White Consol. Indus, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)).  For example, a court may consider administrative documents, such as a plaintiff's EEOC charge, without

---

[2] As a practical matter, the Court notes that if it were to convert Defendant's motion to dismiss to a motion for summary judgment, the Court would be required to give the parties, in particular the Plaintiff, a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b); *see Rose v. Bartle*, 871 F.2d 331, 340 (3d Cir. 1989) (providing that when a motion to dismiss is converted into a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56(c)), the parties must be given ten (10) days notice of the conversion and an opportunity to present material to the court in order to support or oppose the motion). Accordingly, such a "reasonable opportunity" would necessarily include time for discovery, supplemental briefing, and subsequently more delay, flying in the face of the Civil Justice Reform Act of 1990, which provides, in pertinent part, that "[t]he Director of the Administrative Office of the United States Courts shall prepare a semiannual report, available to the public, that discloses for each judicial officer ... the number and names of cases that have not been terminated within three years after filing." 28 U.S.C. § 476(a)(3).

converting the motion to dismiss to a motion for summary judgment. *See Grant v. Allegheny Ludlum Corp.*, No. 2:07-cv-00513, 2007 WL 2492736, at *3 (W.D. Pa. Aug. 30, 2007); *Turlip v. N. Pocono School Dist.*, No. 05CV1182, 2006 WL 547924, at *4 n. 7 (M.D. Pa. March 6, 2006) (citing *Pension Benefit*, 998 F.2d at 1196) (holding that a court can consider documents that are part of the EEOC administrative record without converting motion to dismiss into motion for summary judgment)). Accordingly, the Court will consider Plaintiff's EEOC charge of discrimination.

The applicable inquiry under Rule 12(b)(6) is well-settled. In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts all well-pleaded allegations as true and views them in the light most favorable to the non-moving party, i.e., the Plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997); *Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989). "The issue is not whether a [plaintiff] will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974)). Claims should be dismissed under Rule 12(b)(6) "only if it is certain that no relief can be granted under any set of facts which could be proved." *Klein v. Gen. Nutrition Cos.,* 186 F.3d 338, 342 (3d Cir.1999) (internal citation omitted); *Evancho*, 423 F.3d at 351 (quoting *D.P. Enter.*, 725 F.2d at 944) (providing that a motion to dismiss pursuant to Rule 12(b)(6) should be granted only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved"). Under this standard, a complaint, or here a counterclaim, will be deemed to have alleged sufficient facts if it adequately puts the plaintiff on notice of the essential elements of defendant's claims.

*Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir.2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir.1997).

Under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), a complaint requires only a short and plain statement showing a right to relief rather than a "detailed recitation of proof that in the end establish[es] such a right." *Pryor v. NCAA*, 288 F.3d 548, 564 (3d Cir. 2002). Overall, "courts have an obligation...to view the complaint as a whole and to base rulings not upon the presence of mere words, but rather, upon the presence of a factual situation which is or is not justiciable. We do draw on the allegations of the complaint, but in a realistic, rather than a slavish, manner." *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000) (quoting *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998)). Finally, the defendant bears the burden to demonstrate that the complaint fails to state a claim. *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

### FACTUAL and PROCEDURAL BACKGROUND

Because the Court treats the instant motion as a motion to dismiss, *see supra*, the Court "accept all plaintiff['s] well-pled material allegations as true and draw all reasonable inferences therefrom in favor of plaintiff[]." *McCliment v. Easton Area School Dist.*, Civil Action No. 07-0472, 2007 WL 2319768, at *1 (E.D. Pa. Aug. 10, 2007) (citing *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997)).

The Plaintiff retired from her position as an art teacher at North Hills School District Junior High School, effective January 24, 2005. Docket No. 35, at ¶8. Plaintiff

alleges that she suffered (and presumably, continues to suffer) from severe back and joint problems, having been diagnosed with spondylolisthesis as well as degenerative joint and disc disease. Docket No. 35, at ¶12. The Plaintiff informed Defendant of her disability. Docket No. 35, at ¶14, for which she has been treated by a physician, Docket No. 35, at ¶16. Sometime thereafter, presumably before the start of the 2004-2005 school year, the Plaintiff requested a medical sabbatical leave of absence for the second semester of the 2004-2005 school year, which she begun in August 04 2004. Docket No. 35, at ¶31-33

On or about June 24, 2006, "once her allowed medical leave time expired[,] Plaintiff was finally forced to retire", Docket No. 35, at ¶41, because the Defendant refused to provide the Plaintiff with any reasonable accommodations, Docket No. 35, at ¶¶39-40, 46-48.

On June 16, 2006, the Plaintiff filed her one-count Complaint, alleging disability discrimination under the Rehabilitation Act for failure to accommodate. After Defendant filed a motion to dismiss, the Plaintiff filed her Amended Complaint. Shortly thereafter, the Defendant filed another motion to dismiss, which the parties briefed. On April 6, 2007, this case was transferred to the undersigned Judge. On May 17, 2007, the Plaintiff filed her Second Amended Complaint, in which she added a claim under the ADA and the Court terminated Defendant's fully-briefed motion to dismiss.

On May 31, 2007, North Hills filed Defendant's Motion to Dismiss Pursuant to Rule 12(b) to be Treated as a Motion for Summary Judgment Pursuant to Rule 56 Based on Evidence Outside the Pleadings [DE 36] accompanied by a Memorandum in Support and Concise Statement of Facts [DE 37]. On July 9, 2007, Plaintiff filed her Response to Defendant's Motion to Dismiss Second Amended Complaint [DE 43] as well as

Plaintiff's Response to Defendant's Concise Statement of Facts in Support of Motion to Dismiss [DE 42].

In the instant Motion, Defendant argues that it is entitled to judgment as a matter of law because, at the time of the relevant employment decision, the Plaintiff was not a "qualified individual" within the meaning of the Rehabilitation Act and the ADA. In addition, and/or in the alternative, as to the ADA claim only, the Defendant also argues that her claim is barred because she failed to exhaust her administrative remedies. The Court will address Defendant's arguments in reverse order.

## ANALYSIS

*1.    ADA claim*

In her response brief, Plaintiff explicitly "stipulates to the withdrawal of her ADA claim." Docket No. 43, at 1-2. Accordingly, the Court will grant Defendant's Motion to Dismiss to the extent that it seeks dismissal of Plaintiff's ADA claim and said claim is dismissed without prejudice.[3]

*2.    Rehabilitation Act claim*

The Defendant argues that the Plaintiff was not a qualified individual under the Act because she could not perform the essential functions of her job with or without accommodation. [4]

---

[3] The Court notes that because neither of the parties indicate whether said dismissal of Plaintiff's ADA claim is with or without prejudice, the Court presumes without prejudice.

[4] Because the Court has dismissed Plaintiff's ADA claim per the parties' stipulation, the Court will only address Defendant's "qualified individual" argument as it pertains to Plaintiff's Rehabilitation Act claim.

The Rehabilitation Act provides, in relevant part, that "no otherwise qualified individual with a disability in the United States … shall … be excluded from the participation and, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance … ."  29 U.S.C. 794(a).  A plaintiff establishes a prima facie case under the Rehabilitation Act by demonstrating that he or she (1) is a disabled person, as defined by the Act; (2) is otherwise qualified to perform the essential functions of his or her employment, with or without accommodation; and (3) has suffered an otherwise adverse employment decision as a result of discrimination.  *Taylor v. Phoenixville School District*, 184 F.3d 296 (3d Cir. 1999).  "However, to survive a motion to dismiss, it is sufficient that the complaint allege facts that, if true, would make out a cause of action."  *Major v. Southeastern Pennsylvania Transp. Authority*, No. Civ. A. 92-3218, 1993 WL 337824, at *1 (E.D. Pa. Aug. 24, 1993) (citing *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993)); *see also Allen v. Best Foods Baking Co.*, No. Civ. A. 02-CV-3663, 2003 WL 22858351, at *6 (E.D. Pa. Oct. 22, 2003) (quoting *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir.1998) (addressing a motion to dismiss as to an ADA and Rehabilitation Act claim and providing:  "To survive a Motion to Dismiss, Plaintiff must allege facts showing '(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination' ").[5]

---

[5] "The Rehabilitation Act provides that the standards of the [ADA] are to be used in determining whether the Rehabilitation Act has been violated in the employment context."  *Lewis v. Commonwealth of Pennsylvania*, Civil Action No. 06-1162, 2007 WL 1247076, at *3 (W.D. Pa. Apr. 5, 2007) (citing *Branham*

9

Here, the Defendant only challenges the second element, i.e., whether the Plaintiff was a "qualified individual" entitled to protection under the Rehabilitation Act.[6]

In order to determine whether a person is a "qualified individual" under the Act, the Court employs a two-part test. First, a court must consider whether the individual satisfies the requisites for the position such as possessing the appropriate education, employment experience, and skills. 29 C.F.R. at 353. Second, a court must consider whether or not the individual can perform the essential functions of the position held or desired, with our without reasonable accommodation. *Id.* The Defendant only challenges the latter prong of the test.

In her Second Amended Complaint, the Plaintiff explicitly alleges that she was capable of performing her position as an art teacher with a reasonable accommodation. *See* Docket No. 35, at ¶37 ("In fact, Plaintiff had been capable of performing her job as an art teacher with a reasonable accommodation, or another available position with or without an accommodation, since her initial disability application"); Docket No. 35, at ¶47 ("If Defendant had been willing to make the reasonable accommodations requested and required then Plaintiff would have continued to work through the present"). As to a reasonable accommodation, the Plaintiff asserts that "[s]imply providing the podium would have made a significant difference in Plaintiff's ability to perform the essential functions of her job." Docket No. 35, at ¶29; *see generally, Best Foods Baking*, 2003 WL 22858351, at *6-7. Accepting these facts and any and all inferences stemming therefrom as true, the Court finds that the Plaintiff has alleged sufficient facts under the

---

*v. Snow*, 392 F.3d 896, 902 (7th Cir. 2004); 29 U.S.C. § 794(d)).

[6] Because the Defendant does not address the other two elements, the Court declines to do so.

Rehabilitation Act to survive Defendant's pending motion to dismiss, permitting this case to continue in discovery.

## ORDER

Accordingly, based on the foregoing, Defendant's Motion to Dismiss Pursuant to Rule 12(b) to be Treated as a Motion for Summary Judgment Pursuant to Rule 56 Based on Evidence Outside the Pleadings [DE 36] is granted in part and denied in part. The Court treats Defendant's motion as a motion to dismiss. The Court **GRANTS** Defendant's motion to dismiss to the extent that it requests an order dismissing Plaintiff's ADA claim, and said claim is dismissed without prejudice. The Court **DENIES** Defendant's motion to dismiss to the extent that it requests an order dismissing Plaintiff's Rehabilitation Act claim.

The Court orders that the Defendant shall file a responsive pleading to Plaintiff's Second Amended Complaint within twenty (20) days of the date of the instant Memorandum Opinion and Order. The Court also sets this matter down for a status conference on September 19, 2007, at 9:00 a.m., in order to discuss the progress of this case.

s/ Nora Barry Fischer
Nora Barry Fischer
United States District Judge

Dated: September 17, 2007

cc/ecf: All counsel of record